JAMES R. TENERO        (SBN 201023)
DEBRA B. BRANSE        (SBN 175771)
SELMAN LEICHENGER EDSON HSU NEWMAN & MOORE LLP
33 New Montgomery, Suite 1850
San Francisco, CA 94105-4537
Telephone    :        415.979.0400
Email        :        jtenero@selmanlaw.com
                      dbranse@selmanlaw.com

SHERYL W. LEICHENGER (SBN 161688)
SELMAN LEICHENGER EDSON HSU NEWMAN & MOORE LLP
10880 Wilshire Blvd., Suite 1200
Los Angeles, CA 90024
Telephone    :        310.445.0822
Email        :        sleichenger@selmanlaw.com

Attorneys for Plaintiff/Counterdefendant
EVEREST NATIONAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVEREST NATIONAL INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>     v.<br><br>COUNTY OF SACRAMENTO, a municipal corporation of the State of California,<br><br>       Defendant. | Case No. 2:25-cv-00399-DC-AC (lead case)<br><br>**STIPULATION AND [PROPOSED] ORDER TO EXTEND DISCOVERY AND MOTION DEADLINES**<br><br>**(FIRST REQUEST)**<br><br>Judge    : Hon. Dena Coggins<br>Ct. Rm.  : 8, 13th Floor |
| ALLIED WORLD NATIONAL ASSURANCE COMPANY<br><br>       Plaintiff,<br><br>     v.<br><br>COUNTY OF SACRAMENTO, a municipal corporation of the State of California,<br><br>       Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 2:25-cv-00400-DC-AC (member case) |

1

3062 105856 4938-6070-9010 .v6

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

Plaintiff/Counterdefendant Everest National Insurance Company ("Everest National"), Plaintiff/Counterdefendant Allied World National Assurance Company ("Allied World"), and Defendant/Counterclaimant County of Sacramento (the "County") (collectively the "Parties"), by and through their respective counsel, hereby submit this Stipulation and [Proposed] Order To Extend Certain Discovery and Motion deadlines within the Scheduling Order entered by this Court on August 11, 2025 (ECF Doc. 30).

## I.      BRIEF BACKGROUND

Everest National and Allied World (collectively, the "Insurer Plaintiffs") filed these now consolidated coverage actions seeking reimbursement of amounts paid under their respective insurance policies for defense and/or indemnity on the County's behalf in connection with two underlying actions (the "Underlying Actions").  Insurer Plaintiffs contend that it was alleged in the Underlying Actions that the County committed constitutional violations through its wrongful taking of the underlying plaintiffs' liberty and property rights with respect to their vested rights to operate a mine at the Schneider Historical Mine.  It was further alleged that the conduct of the County eventually resulted in the revocation of the underlying plaintiffs' mining rights and the effective shut down of the mine altogether.  The Insurer Plaintiffs contend in this matter that their respective insurance policies afford them with various defenses to coverage, including the "Takings Exclusion" in the policies, the operation of Section 533 of the California Insurance Code and the Notice Condition in the policies.  The Insurer Plaintiffs seek, among other things, a judgment requiring the County to reimburse to them the total policy limits paid on the County's behalf with respect to the settlements of the Underlying Actions.

The County has asserted Counterclaims against the Insurer Plaintiffs.  The County alleges that the Insurer Plaintiffs breached their contractual obligations under their respective insurance policies.  The County further alleges that the Insurer Plaintiffs breached the covenant of good faith and fair dealing by, among other things, failing to properly investigate the claim(s) against the County in the Underlying Actions, refusing to timely provide coverage and/or reimburse defense and settlement costs and that the Insurer Plaintiffs' attempts to recoup amounts paid to the County are improper.  By way of its Counterclaims, the County seeks attorneys fees and costs incurred in

2

3062 105856 4938-6070-9010 .v6

defense of the Underlying Actions, attorneys fees to establish coverage, as well as punitive and exemplary damages.

## II. THE PARTIES HAVE DILIGENTLY LITIGATED THIS MATTER AND GOOD CAUSE EXISTS TO EXTEND CERTAIN DISCOVERY AND MOTION DEADLINES.

The Parties have diligently litigated this matter since the Court entered the August 11, 2025, Scheduling Order.  On September 11, 2025, the Parties submitted a "Stipulation for Protective Order" (ECF Doc. 33).  The Court signed the Protective Order on September 22, 2025 (ECF Doc. 34).

On October 15, 2025, the Insurer Plaintiffs filed a "Joint Motion To Bifurcate Coverage Claims and Claims For Breach of Implied Covenant of Good Faith and Fair Dealing and To Stay Bad Faith Discovery" (the "Motion To Bifurcate") (ECF Doc. 35).  The Insurer Plaintiffs contend that two phases of ligation and trial in this matter will serve judicial efficiency and avoid prejudice. The first phase would include discovery relevant to the contract-based coverage defenses raised by the Insurer Plaintiffs and early dispositive motions regarding those issues.  The County's bad faith claims would be stayed during phase one.  Should the Court conclude that the Insurer Plaintiffs owed the County indemnity in connection with the Underlying Actions, phase two would include discovery and dispositive motions on the County's bad faith claims.  On October 29, 2025, the County filed its Opposition (ECF Doc. 37.)  The County argues that the Insurer Plaintiffs have not established that bifurcation would promote judicial economy or efficiency or that they will be prejudiced by a single trial, rather, bifurcation would result in duplicative discovery and result in duplicative testimony and evidence in separate trials, increasing the expense to all parties and increasing the burden on the court and respective juries.  The Motion To Bifurcate is still pending before the Court.  On March 10, 2026, Allied World's counsel wrote to the Court inquiring about the status of the Court's consideration of and ruling on the Motion to Bifurcate (ECF Doc. 39).

The Parties have also diligently proceeded with discovery in this matter.  Everest National served the County with Interrogatories, Requests For Admission, and Requests For Production of Documents.  The County served written responses and anticipates producing voluminous documents by the end of May 2026.  The County served Everest National with Requests For

3

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

3062 105856 4938-6070-9010 .v6

Production of Documents. Everest National served written responses and produced 15,215 pages of documents to date. The County also served Allied World with Requests For Production of Documents. Allied World served written responses as well as supplemental responses and produced 5,327 pages of documents to date. The County is in the process of propounding written discovery and deposition notices to the Plaintiff Insurers.

Good cause exists for the Parties' proposed extension of certain discovery and motion deadlines. The Parties require additional time to complete discovery and designate experts.[1] The facts, documents and individual witnesses relevant to the Parties' respective claims and/or defenses concern not only the claims in each of the Underlying Actions but also the defense and settlement of those actions as well as the County's bad faith and punitive damages claims against the Insurer Plaintiffs. The Initial Disclosures served in this matter collectively identify as individual witnesses numerous representatives of the County, Everest National and Allied World as well as attorneys in the Underlying Actions whose deposition testimony may be needed. The identified witnesses total more than thirty individuals. Further, in addition to Everest National's and Allied World's respective claim file(s), the Initial Disclosures identify as relevant to this matter the pleadings, briefs, discovery and/or expert reports connected with each of the Underlying Actions. While the Parties have diligently proceeded with discovery, they require additional time to complete discovery and prepare to designate experts.

## III.    PROPOSED AMENDED SCHEDULING ORDER:

The Parties jointly propose the following amended deadlines:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Fact Discovery Cutoff | May 1, 2026 | September 30, 2026 |
| Expert Disclosures | June 26, 2026 | November 24, 2026 |
| Rebuttal Expert Disclosures | August 28, 2026 | January 26, 2027 |
| Close of Expert Discovery | September 25, 2026 | February 24, 2027 |
| Motion Cutoff | November 25, 2026 | April 23, 2027 |

[1] As addressed, the Parties are awaiting the Court's ruling on the Motion To Bifurcate.

4

Selman Leichenger Edson Hsu Newman & Moore LLP
ATTORNEYS AT LAW

3062 105856 4938-6070-9010 .v6

The Final Pretrial Conference date will be set by the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

DATED: April 16, 2026

SELMAN LEICHENGER EDSON HSU NEWMAN & MOORE LLP

By: */s/James R. Tenero*
JAMES R. TENERO
Attorneys for Plaintiff/Counterdefendant
Everest National Insurance Company

DATED: April 16, 2026

LEHAVI STARGARDTER, LLP

By:*/s/Limor Lehavi* (as authorized on 04/16/2026)
LIMOR LEHAVI
Attorneys For Defendant/Counterclaimant
COUNTY OF SACRAMENTO

DATED:  April 16, 2026

KENNEDYS CMK LLP

By: */s/Joshua S. Wirtshafter* (as authorized on 04/16/26)
MICHAEL W. MELENDEZ
JOSHUA S. WIRTSHAFTER
Attorneys For Plaintiff/Counterdefendant
ALLIED WORLD NATIONAL ASSURANCE COMPANY

## ORDER:

Having considered the Parties' Stipulation and finding good cause, the Court orders as follows:

1.    All fact discovery shall be completed no later than **September 30, 2026**.

2.    The parties shall disclose initial experts and produce reports in accordance with Federal Rule of Civil Procedure 26( a )(2) by no later than **November 24, 2026**.  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before **January 26, 2027**.

Stipulation and [Proposed] Order - Case No. 2:25-cv-00399-DC-AC

3062 105856 4938-6070-9010 .v6

3.    All expert discovery shall be completed no later than **February 24, 2027**.

4.    All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before **April 23, 2027**, and shall be noticed for hearing before Judge Coggins on a date not more than 60 days from the date the motion is filed and on a date that is listed on Judge Coggins's website as an available civil law and motion hearing date.

**IT IS SO ORDERED.**

DATED:_____

_____
HONORABLE DENA COGGINS
UNITED STATES DISTRICT JUDGE

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

6

Stipulation and [Proposed] Order - Case No. 2:25-cv-00399-DC-AC

3062 105856 4938-6070-9010 .v6